The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

DANIEL J. SOGN,

        Plaintiff,

   v.

ALASKA USA FEDERAL CREDIT UNION and CAREFULT ASSET RECOVERY SERVICE, INCORPORATED, and CAR SERVICE L.L.C. and JEREMIE KAUFMAN

        Defendants.

NO. 2:17-CV-00432-MJP

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA USA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f(6).

**NOTE ON MOTION CALENDAR:  July 20, 2018**

COMES NOW, Defendant CAR Service L.L.C. ("CAR Service") and submits this Joinder to Defendant Alaska USA Credit Union's ("Alaska USA") Motion for Summary Judgment and its own

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 1

A n d r e w s ▪ S k i n n e r ,  P. S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

separate Motion for Summary Judgment to dismiss Plaintiff's cause of action for violation for the Fair Debt Collection Practices Act 15 U.S.C. § 1692f(6). Defendant CAR Service submits as follows:

### I. STATEMENT OF FACTS

Plaintiff Daniel Sogn entered into a Promissory Note with Alaska USA for the re-financing of a 2003 Lexus IS 250 ("Vehicle") on July 23, 2013, which was financed by Alaska USA. *Dkt. No.* 24-1. The Promissory Note provided Alaska USA with a security interest in the Vehicle until the obligations under the Promissory Note were fully paid. *Id.* Beginning on September 13, 2013, and continuing for the term of the Contract, Plaintiff was obliged to make minimum monthly payments in the amount of $433.94 (one payment) and $434.11 (59 payments). *Id.*

The Promissory Note provides that in the event of default, Alaska USA, as the Creditor, shall have the right to possession of the Vehicle. *Id*. Plaintiff admits to falling behind on payments. *Dkt. No.* 1, 2:8-9. The Promissory Note also provides that Alaska USA can take possession of the collateral without judicial process and without giving advanced notice provided it can do so without breach of the peace. *Dkt. No.* 24-1.

Alaska USA hired Par, Inc., who then hired CAR Service to repossess Plaintiff's Vehicle. CAR Service is not an employee of Alaska USA. *Dkt. No.* 24, 3:6. As such, Alaska USA did not direct or control the actions of CAR Service or its employees regarding the repossession of Plaintiff's Vehicle. *Id.* at 3:7-8. Likewise, Jeremie Kaufman, the repossession agent, and Dustin Maryman, another individual present at the time of the repossession are not employees of Alaska USA, and such, not controlled by Alaska USA. *Id.* at 3:13-17.

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 2

A n d r e w s ▪ S k i n n e r ,  P. S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

1    Plaintiff further alleges that at the time of the repossession, the repossession agent breached
2 the peace by (1) entering Plaintiff's backyard through two closed gates to access Plaintiff's front
3 door; (2) knocking on Plaintiff's front door twice at approximately 2:30 a.m.; and that Plaintiff's
4 refusal to provide the repossession agent his keys, constituted an objection to the repossession.
5 *Sogn v. CAR Service et al.,* Case No. 2:18-CV-0029-TSZ, *Dkt. No.* 1, 3:19-28.
6    At the time of the first door knock, CAR Service's employee requested a key for the
7 Vehicle; indicated the Vehicle was being repossessed; offered Plaintiff the opportunity to retrieve
8 his belongings from the vehicle; and before leaving the Plaintiff's front door, **indicated the Vehicle**
9 **was hooked up to CAR Service's tow truck.** *Dkt. No.* 23-1.  Likewise, at the time of the second
10 door knock, CAR Service's employee indicated the vehicle was on his tow truck and was being
11 "dollied" and offered the Plaintiff the opportunity to remove his personal property. *Dkt. No.* 23-
12 2. Thereafter on January 23, 2017, Plaintiff spoke with Alaska USA's representative Roger
13 Varhas. *Dkt. No.* 23-3; *Dkt. No.* 23-4. During the course of this conversation, Plaintiff admitted
14 the Vehicle was parked in an ungated area off of the backyard. *Dkt. No.* 23-4.  Plaintiff also
15 admitted at the time the repossession agent knocked on his front door, the Vehicle had already
16 been hooked up to the repossession company's tow truck. *Id.* At the time of the conversation with
17 Mr. Varhas, Plaintiff admitted, he told the repossession agent that he could not stop them from
18 taking the Vehicle. *Id.*

19                      **II.   STATEMENT OF ISSUES**

20   1.  Whether summary judgment is appropriate with respect to Plaintiff's claim for violation
         of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6) when plaintiff has failed
21       to demonstrate that a breach of peace occurred and/or that the breach occurred before the
         collateral was secured.?

22 DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN
ALASKA FEDERAL CREDIT UNION'S MOTION
FOR SUMMARY JUDGMENT AND CAR SERVICE
L.L.C.'S MOTION FOR SUMMARY JUDGMENT
RE: VIOLATION OF THE FAIR DEBT
COLLECTION PRACTICES ACT - 3

A n d r e w s ▪ S k i n n e r ,  P. S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

2. Whether summary judgment is appropriate with respect to Plaintiff's claim for violation of Washington's Consumer Protection Act when Plaintiff has failed to establish an unfair and deceptive act or a public interest impact?

3. Whether Plaintiff's claim for emotional distress damages must also be dismissed because Plaintiff has failed to allege any claims under which emotional damages are recoverable?

## III.  EVIDENCE RELIED UPON

CAR Service incorporates by reference the facts and arguments set forth in Defendant Alaska USA's Motion for Summary Judgment as if fully set forth herein, the Declaration of Athar Nazir and the exhibits attached thereto filed therewith; the Declaration of Karleen J. Scharer and the exhibits filed therewith.  CAR Service relies on the pleadings and documents filed with the Court.

## IV.  AUTHORITY

### A. Summary Judgment Standard

Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  The moving party has the burden of showing the absence of a genuine issue of fact for trial.  *Celotex*, 477 U.S. at 325; *see also Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

After the moving party discharges the burden, the non-moving party must do more than show there is some doubt as to the facts.  *Matsushita Elec. Industrial v. Zenith Radio Corp.,* 475 U.S. 574 (1986).  The non-moving party must demonstrate "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256.  The non-moving party cannot rely

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 4

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

### B. Plaintiff's Claim Under the Fair Debt Collection Practices Act Should be Dismissed because CAR Service Did Not Breach the Peace.

Plaintiff fails to sufficiently allege a violation of 15 U.S.C. §1692(f)(6)(A). The only provision within the FDCPA that can be applied to a repossession agency is 15 U.S.C. §1692(f)(6)(A), which states that "a repossessor may not take or threaten to take nonjudicial action to dispossess a person of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Nadalin v. Automobile Recovery Bureau, Inc.,* 169 f.3d 1084, 1085 (7th cir. 1999). Courts presented with the issue of determining whether a repossession agency has violated this particular section look to the applicable state self-help repossession statute. *See, for example, Clarin v. Minnesota Repossessors Inc.,* 198 F.3d 661, 663 (8th Cir. 1999); *also see generally, Fleming-Dudley v. Legal Investigations, Inc.,* Not Reported in F.Supp.2d, 2007 WL 952026 at *5 (N.D.Ill., 2007).

In Washington, the right to repossess a vehicle is governed by RCW 62A.9A.609. The statute allows a secured party to proceed without judicial process if the repossession can be done "without breach of the peace." RCW 62A.9A.609(b)(2). The statute does not define a breach of the peace, but Washington Courts have noted that noise alone cannot be a breach of the peace for the purpose of RCW 62A.9A.609 (formerly RCW 62A.9-503). *Ragde v. Peoples Bank*, 53 Wn. App. 173, 767 P.2d 949 (1989). Additionally, a "night raid" does not constitute a breach of the peace. *Id.* In forming its decision, the Court in *Radge,* found the Arkansas Supreme Court's finding in *Oaklawn Bank v. Baldwin,* 289 Ark. 79, 709 S.W.2d 91 (1986), that a night raid does

ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 5

645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

not constitute a breach of the peace, to be persuasive. In *Oaklawn,* the repossession agent took possession of the vehicle at 4:00 a.m. on the debtor's property, but did not enter any locked gates to obtain possession. *Id.* The Court in *Ragde* held:

> so long as the law permits automobiles to be repossessed from residential property, it is reasonable to allow repossession to occur in the early morning hours. At that hour, a confrontation with the debtor is likely avoided, and the debtor is not subjected to the humiliation of having his or her automobile repossessed from a public place.

*Ragde,* 53 Wn. App. at 177. In both *Ragde* and *Oaklawn,* the court held a breach of the peace did not occur.

The Ninth Circuit Court of Appeals has found a breach of peace has occurred when a physical altercation ensues. *Meyers v. Redwood City*, 400 F.3d 765 (9th Cir. 2005) (A breach of the peace occurred when the repossession agent lunged at the debtor, grabbing her by the waist and injuring surgical scars as he lifted her off of her feet. After the debtor entered the subject vehicle, the repossession agent attempted to forcibly remove the debtor from the vehicle by pulling at her arms, thigh, and head.); *Brees v. Courtesy Ford*, 45 F. App'x 711 (9th Cir. 2002) (The debtor was struck in the leg by his vehicle as the repossession agent attempted to drive the vehicle.). California District Courts have held where there is no use of force or threats of force, a breach of the peace has not occurred. *Brooks v. Leon's Quality Adjusters, Inc.,* No. 1:15-cv-000965 - JLT, 2016 U.S. Dist. LEXIS 116803 (E.D. Cal. Aug. 29, 2016) (The repossession agent was not required to open a gate or move a barrier to enter the parking lot where the vehicle was located.). The Court held, California law suggests, the mere entry upon property of another, or a trespass, to take possession of property is not sufficient to establish a breach of the peace occurred. *Id.* Further,

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN
ALASKA FEDERAL CREDIT UNION'S MOTION
FOR SUMMARY JUDGMENT AND CAR SERVICE
L.L.C.'S MOTION FOR SUMMARY JUDGMENT
RE: VIOLATION OF THE FAIR DEBT
COLLECTION PRACTICES ACT - 6

A n d r e w s ▪ S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

once the repossession agent is in control of the vehicle, objections to the repossession do not constitute a breach of the peace. *Id.* Similarly, Oregon District Courts find the timing of the confrontation and when the repossession agent took possession to be of import. *Copeland-Turner v. Wells Fargo Bank,* N.A., No. CV-11-37-HZ, 2011 U.S. Dist. LEXIS 123523 (D. Or. Oct. 25, 2011).

It is uncontroverted that the alleged breach of peace occurred after the repossession was complete. *Dkt. No.* 23-4. The vehicle was hooked up to the tow truck prior to the repossession agent's knock to Plaintiff's front door. *Id.* By this time, CAR Service had sufficient control over and had properly repossessed the vehicle. It was not until after the repossession was complete that any contact occurred between CAR Service and the debtor.

Accordingly, the Court should grant summary judgment in favor of CAR Service as to Plaintiff's claims for violation of FDCP 15 U.S.C. § 1692(f)(6)(A) and dismiss these claims with prejudice.

**C. Even If, CAR Service was an Agent of Alaska USA, Plaintiff has Failed to State Facts Sufficient to Constitute a Violation of Washington's Consumer Protection Act.**

While Plaintiff's claim for a CPA violation is broadly alleged, absent evidence of an unfair or deceptive act, the CPA claim against Alaska USA must fail as a matter of law. As set forth more fully in the National Union motion, LCL is required to prove all five prongs of the *Hangman Ridge* test. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 719 P.2d 531 (1986).

Plaintiff's entire claim is premised upon the notion that CAR Service breached the peace during the course of the self-help repossession of plaintiff's Vehicle, and that CAR Service's

ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 7

*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

actions violated the CPA.  Plaintiff is unable to establish that CAR Service's actions violated Washington's CPA.  Specifically, Plaintiff cannot establish the first and third elements – unfair and deceptive act, and the public interest impact.

**1.     Plaintiff Cannot Demonstrate an Unfair or Deceptive Act or Practice as a Matter of Law.**

For the same reasons set forth in Alaska USA's Motion for Summary Judgment – namely that CAR Service's conduct was not unfair or deceptive- the CPA claim against CAR Service should be dismissed as a matter of law.  *See, e.g. Brown ex rel. Richards v. Brown,* 157 Wn. App. 803, 815, 239 P.3d 602 (2010); *Panag v. Farmers Ins. Co. of Wash,* 166 Wn.2d 27, 50, 204 P.3d 885 (2009); *Nguyen v. Doak Homes, Inc.,* 140 Wn. App. 726, 734, 167 P.3d 1162 (2007).

During the course of the repossession, the repossession agent, Jeremie Kaufman, a CAR Service employee twice knocked on Plaintiff's front door and informed Mr. Sogn that he was here to take the vehicle and requested the keys.  *Dkt. No.* 23-1, *Dkt. No.* 23-2.  During the course of the conversation, Mr. Kaufman stated that there was a state law requiring repossession companies to inventory the items left in the vehicle.  *Id.*  CAR Service is unaware of any such law.  Nonetheless, this misstatement by Mr. Kaufman does not arise to an unfair or deceptive act or practice under the CPA.

**2.     Plaintiff Cannot Demonstrate a Public Interest Impact.**

For the same reasons set forth in Alaska USA's Motion for Summary Judgment – namely that this isolated incident does not have a public interest impact- the CPA claim against CAR Service should be dismissed as a matter of law.  *See e.g., Indoor Billboard/Wash., Inc. v. Integra Telcom of Wash. Inc.,* 162 Wn.2d 59, 74, 170 P.3d 10 (2007); *Michael v. Mosquera-Lacy,* 165

ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 8

645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

Wn.2d 595, 604-05, 200 P.3d 695 (2009) (citation omitted). While the question of whether a deceptive act has the capacity to deceive a substantial portion of the public is often "factual in nature," where "the transaction was essentially a private dispute rather than essentially a consumer transaction, it may be more difficult to show that the public has an interest in the subject matter." *Behnke v. Ahrens,* 172 Wn. App. 281, 194 P.3d 729 (2012).

Here, the allegations relate to a private incident. Plaintiff's contention is that CAR Service's employee made false or misleading statements during the course of the repossession. That is a purely private dispute, and the likelihood of repetition is so low that it cannot impact the public interest. For this reason as well, the CPA claim should be dismissed.

### D. Plaintiff Claim for Emotional Distress Damages Must Also Be Dismissed Against Alaska USA Because Plaintiff Failed to Allege Any Claims Under Which Emotional Damages Are Recoverable.

For the same reasons set forth in Alaska USA's Motion for Summary Judgment – namely that personal injuries, including emotional distress cannot be recovered under the CPA - Plaintiff's claims for emotional distress pursuant to the CPA should be dismissed as a matter of law. *See*, *e.g.*, *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,* 122 Wn.2d 299, 318, 858 P.2d 1054 (1993); *Stevens v. Hyde Athletic Industries, Inc.,* 54 Wn. App. 366, 369-370, 770 P.2d 671 (1989); *White River Estates v. Hiltbruner,* 134 Wn.2d 761, 765 n.1, 953 P.2d 796 (1998).

## V.   CONCLUSION

CAR Service respectfully requests the Court grants its Motion for Summary Judgment as to all claims asserted against CAR Service by Plaintiff, as set forth above and in Defendant Alaska USA's Motion for Summary Judgment.

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 9

A n d r e w s ▪ S k i n n e r ,  P. S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

DATED this 25th day of June, 2018.

                            ANDREWS ▪ SKINNER, P.S.

                            By *s/ Stephen G. Skinner*
                                STEPHEN G. SKINNER, WSBA #17317
                                645 Elliott Ave. W., Suite 350, Seattle, WA 98119
                                206-223-9248 | Fax: 206-623-9050
                                *Email:* stephen.skinner@andrews-skinner.com
                                Attorney for Defendants Alaska USA and CAR Service L.L.C.

                          ANDREWS ▪ SKINNER, P.S.

                          By *s/ Karleen Scharer*
                                KARLEEN SCHARER, WSBA #48101
                                645 Elliott Ave. W., Suite 350, Seattle, WA 98119
                                206-223-9248 | Fax: 206-623-9050
                                *Email:* Karleen.scharer@andrews-skinner.com
                                Attorney for Defendants Alaska USA and CAR Service L.L.C.

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 10

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

ANDREWS ▪ SKINNER, P.S.

By *s/ Karleen J. Scharer*
STEPHEN G. SKINNER, WSBA #17317
KARLEEN SCHARER, WSBA #48101
645 Elliott Ave. W., Suite 350, Seattle, WA 98119
206-223-9248 | Fax: 206-623-9050
*Email: stephen.skinner@andrews-skinner.com*
*Karleen.scharer@andrews-skinner.com*
Attorney for Defendants Alaska USA and CAR Service L.L.C.

DEFENDANT CAR SERVICE L.L.C.'S JOINDER IN ALASKA FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND CAR SERVICE L.L.C.'S MOTION FOR SUMMARY JUDGMENT RE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 11

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*