ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
TRUEBLOOD LAW FIRM
1700 Seventh Ave, Suite 2100
Seattle, Washington 98101-1360
Telephone: (206) 707-9685
Facsimile: (206) 832-4676

Attorneys for Plaintiff
DANIEL SOGN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| DANIEL J. SOGN,<br><br>       Plaintiff,<br><br>vs.<br><br>ALASKA USA FEDERAL CREDIT UNION, CAR SERVICE L.L.C., and JEREMIE KAUFMAN,<br><br>       Defendants. | Case No: 2:17-CV-0432 MJP<br><br>**DECLARATION OF ALEXANDER B. TRUEBLOOD IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

I, Alexander B. Trueblood, declare as follows:

1. I am plaintiff's counsel in this action. I have personal knowledge of the facts stated herein.

2. Attached hereto as Exhibit 1 are true and correct copies of excerpts from the deposition of plaintiff Daniel Sogn taken in this action.

3. Attached hereto as Exhibit 2 are true and correct copies of excerpts from the deposition of Harlow Dan Cody taken in this action, who is one of the co-owners of defendant Car Service L.L.C.

4. Attached hereto as Exhibit 3 are true and correct copies of excerpts from the deposition of Terri Cody taken in this action, who is one of the co-owners of defendant Car Service L.L.C.

5. Attached hereto as Exhibit 4 are true and correct copies of excerpts from the deposition of Athar Nazir taken in this action, who was designated by defendant Alaska USA as its person most knowledgeable to testify about the repossession, and the other topics listed in Exhibit 11 hereto, the FRCP 30(b)(6) deposition notice. Mr. Nazir was never disclosed as a witness in this case, and disclaimed any knowledge at deposition about the degree of control between Par, Inc. and Car Service L.L.C. See Brief, p. 21:9. The first time I learned of him was on June 19, 2018 when he appeared for deposition as Alaska USA's corporate designee. The first time I learned that defendants would rely on him to try to show an independent contractor relationship between Alaska USA and its repossessors, was later on June 25, 2018, when I was served with defendants' summary judgment motions (four days before the June 30, 2018 discovery cutoff).

6. Attached hereto as Exhibit 5 is a true and correct copy of the written contract between Par, Inc. and defendant Alaska USA Federal Credit Union, in effect at the time of the Sogn repossession. This document was produced by Alaska USA and authenticated at the deposition of Athar Nazir, at p. 113:17-114:3.

7. Attached hereto as Exhibit 6 is a true and correct copy of a March 23, 2017 letter from Terri Cody of Car Service L.L.C. to defendant Jeremie Kaufman. This letter was produced by Car Service L.L.C. and authenticated at the deposition of Terri Cody, p. 83:14-84:23.

8. Attached hereto as Exhibit 7 is a true and correct copy of the FRCP 26(a) initial disclosures of defendant Alaska USA Federal Credit Union.

9. Attached hereto as Exhibit 8 is a true and correct copy of plaintiff's first set of interrogatories propounded upon defendant Alaska USA Federal Credit Union in this action.

10. Attached hereto as Exhibit 9 is a true and correct copy of defendant Alaska USA Federal Credit Union's responses to plaintiff's first set of interrogatories in this action.

11. Attached hereto as Exhibit 10 is a true and correct copy of defendant Alaska USA Federal Credit Union's supplemental responses to plaintiff's first set of interrogatories in this action. This document was first served on my office by email, the morning of June 19, 2018, ten days before the discovery cutoff. I first saw it about 90 minutes before Alaska USA's 30(b)(6) deposition started. This was the first time I learned of the existence of Roger Varhas, or that defendant Alaska USA was claiming that my client had a conversation with Varhas in which plaintiff allegedly admitted his vehicle was hooked up the night of the repossession. In all previous discovery, Alaska USA never identified this defense or alleged conversation. Defendant first served me with the alleged January 23, 2017 Sogn-Varhas recording on June 26, 2018 (see the email which is Exhibit 12 hereto), three days before the discovery cutoff, and after it had already served this motion on June 25, 2018.

12. Attached hereto as Exhibit 11 is a true and correct copy of the notice of deposition under FRCP 30(b)(6) of defendant Alaska USA Federal Credit Union in this action.

13. Attached hereto as Exhibit 12 is a true and correct copy of a June 26, 2018 email sent to me by defense counsel Karleen Scharer, attaching a link to certain alleged recordings of plaintiff taken by Alaska USA. This was the first time I was ever given a copy of these recordings, including the January 23, 2018 alleged recording of a conversation between plaintiff and Roger Varhas. I still have not been served with a copy of the alleged January 23, 2017 recording which was filed in the court's records as a physical CD, which is apparently Exhibit 4 to the Scharer declaration.

14. Attached hereto as Exhibit 13 is a true and correct copy of a June 19, 2018 email sent to me by defense counsel Karleen Scharer, in which she produced for the first time in this litigation Alaska USA's alleged transaction log for the Sogn account. I found it in my email just 90 minutes before the deposition of Alaska USA's 30(b)(6) witness, leaving me scrambling to review and understand the log before the deposition started. I was not able to fully understand and effectively cross-examine Nazir on this prolix document with all its coding, in the middle of a deposition. Alaska USA moved for summary judgment just six days later, using the transaction log as one of its key pieces of evidence.

15. Attached hereto as Exhibit 14 is a true and correct copy of plaintiff's first set of document demands propounded upon defendant Alaska USA Federal Credit Union in this action.

16. Attached hereto as Exhibit 15 is a true and correct copy of defendant Alaska USA Federal Credit Union's responses to plaintiff's first set of document demands in this action.

17. Attached hereto as Exhibit 16 is a true and correct copy of defendant Alaska USA Federal Credit Union's supplemental responses to plaintiff's first set of document demands in this action.

18. Attached hereto as Exhibit 17 is a true and correct copy of a "Progress Report" produced in this action. This document was authenticated at the deposition

1  of Terri Cody in this action, at p. 81:11-83:10, who testified it was authored by
2  Jeremie Kaufman.
3      19. Attached hereto as Exhibit 18 is a true and correct copy of the FRCP 26(a)
4  initial disclosures of former defendant Careful Asset Recovery Service,
5  Incorporated.  This entity has been dismissed from the case because its owners
6  testified it dissolved in 2014 and had nothing to do with the repossession.  See
7  Brief, footnote 1.
8      20. Attached hereto as Exhibit 19 is a true and correct copy of plaintiff's first
9  set of interrogatories to defendant Car Service L.L.C. in this action.
10     21. Attached hereto as Exhibit 20 is a true and correct copy of defendant Car
11 Service L.L.C.'s responses to plaintiff's first set of interrogatories in this action.
12     22. Defendant Car Service L.L.C. made no initial disclosures under FRCP
13 26(a) in this action.
14     23. I have never been served with the two alleged video clips which defense
15 counsel submitted to the Court as physical CD's (Scharer Decl. Exhs 1-2).
16 Defendants filed these untimely, a day after the deadline to file summary judgment
17 motions.  I do not know if the CD's now in the court file, but not served on me,
18 have been altered or enhanced from the originals.  In any event, they are
19 unauthenticated.  Ms. Scharer did not play these videos for my client Daniel Sogn
20 at his deposition, or ask him to authenticate them.  Presumably, that is why Ms.
21 Scharer herself tried to authenticate them in her declaration without any personal
22 knowledge.
23     24. I agreed with defense counsel and stipulated on the deposition transcripts
24 of Terri Cody and Athar Nazir, that Exhibits 5, 6, and 17 hereto are business

records of the entities that produced them, and meet the requirements of the business records hearsay exception.

Executed this 16th day of July, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

/s/
Alexander B. Trueblood