1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

10

11

DANIEL J. SOGN,

Plaintiff,

v.

ALASKA USA FEDERAL CREDIT UNION
and CAREFULT ASSET RECOVERY
SERVICE, INCORPORATED, and CAR
SERVICE L.L.C. and JEREMIE KAUFMAN

Defendants.

12

13

14

15

16

NO. 2:17-CV-00432-MJP

DEFENDANT ALASKA USA FEDERAL
CREDIT UNION AND CAR SERVICE,
L.L.C'S JOINT REPLY IN SUPPORT OF
THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO
STRIKE

**NOTE ON MOTION CALENDAR:  July
25, 2018**

**WITHOUT ORAL ARGUMENT**

17

18

19

20

21

22

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 1

A n d r e w s ▪ S k i n n e r ,  P. S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

## I.      REQUEST FOR RELIEF

COME NOW the Defendants, Alaska USA Federal Credit Union ("Alaska USA") and CAR Service L.L.C. ("Car Service"), and submit they following Joint Reply in Support of their Motions for Summary Judgment and Joint Motion to Strike all references made to Jeremie Kaufman's (former CAR Service employee) prior criminal history.

## II.      MOTION TO STRIKE

Defendants move to strike all references concerning Jeremie Kaufman's prior criminal history as such references are prohibited pursuant to FRE 609(b), FRE 404(b)(1), and FRE 403. Moreover, Plaintiff's request that this Court take judicial notice of said criminal history for the purposes of deciding Defendants' Motions for Summary Judgment is improper. Multiple irrelevant and prejudicial references to Mr. Kaufman's criminal history were made in Plaintiff's Opposition to Motion for Summary Judgment (Revised) ("Opposition"), *Dkt. No.* 37, Plaintiff's Request for Judicial Notice in Opposition to Motion for Summary Judgment, *Dkt. No.* 31, and the attached Exhibits 1-6, *Dkt. No.* 31-1 – 31-6 ("Request for Judicial Notice').

As a preliminary matter, in assessing whether a genuine issue of material fact exists for trial, the Court does not weigh evidence, nor does the Court make factual or credibility determinations. *Fuller v. Idaho Dep't of Corr.,* 865 F.3d 1154, 1161 (2017). As such, any request by Plaintiff, or his counsel that this Court weigh the credibility of parties, their employees, or any other witnesses, is improper. Likewise, such a request that this Court take notice of Mr. Kaufman's criminal history, particularly of misdemeanors over 13 years old at the latest, is improper, and this Court should strike any such reference.

The submission of Mr. Kaufman's criminal history and references thereto are violations of FRE 609(b), FRE 401, FRE 403, and FRE 404(b)(1). FRE 609(b) states:

A n d r e w s ▪ S k i n n e r , P . S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

If more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives the adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Plaintiff's references to Mr. Kaufman's prior criminal history are improper for multiple reasons. First, the latest conviction, a gross misdemeanor, occurred in 2005, nearly 13 years ago. *Dkt. No.* 31-4. Second, Defendants were not provided notice of Plaintiff's intent to use Mr. Kaufman's criminal history in response to Defendants' Motions for Summary Judgment or at trial, until Plaintiff filed his Opposition to Defendants' Motions for Summary Judgment. Moreover, even though Mr. Kaufman was disclosed as a witness and named defendant to the lawsuit, he has not been located by Plaintiff or the other Defendants; has not been served with a copy of the Summons and Complaint; and has not been subpoenaed to attend a deposition. For all intents and purposes, Mr. Kaufman is not a witness to this case, and therefore evidence of his prior criminal history cannot be used as impeachment evidence pursuant to FRE 609(b).

Plaintiff's references to Mr. Kaufman's prior criminal history are violations of FRE 401, FRE 403 and FRE 404(b)(1). Evidence of Mr. Kaufman's prior convictions are irrelevant. Pursuant to FRE 401, "evidence is relevant if it has the tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." FRE 401. Plaintiff appears to be offering Mr. Kaufman's prior criminal history to discredit Mr. Kaufman and demonstrate that Plaintiff's fear at the time of the repossession was reasonable. Whether or not Mr. Kaufman was ever convicted of a crime is not of consequence in determining whether a breach of the peace occurred during the course of the repossession. Even if Mr. Kaufman's prior criminal history was relevant, the probative value is substantially outweighed by the danger of unfair

DEFENDANT ALASKA FEDERAL CREDIT UNION AND CAR SERVICE L.L.C.'S JOINT REPLY IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT AND JOINT MOTION TO STRIKE- 3

A n d r e w s • S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 • Fax: 206-623-9050*

prejudice, confusion of the issues, misleading the jury, and wasting time. FRE 403. Likewise, such evidence is not admissible to show "on a particular occasion that a person acted in accordance with a character or trait. FRE 404(b)(1). For these reasons, Defendants respectfully request that the Court strike all references to Mr. Kaufman's criminal history.

### III.      REPLY

**A. Evidentiary Issues.**

Plaintiff's objections to Defendants' Exhibits 1-4 are improper as witnesses were timely disclosed during the course of discovery and the Exhibits are offered in a form that is admissible evidence pursuant to FRCP 56(c).

As a preliminary matter, counsels orally stipulated that the Log, produced as Exhibit 3 to the Declaration of Karleen J. Scharer in Support of Alaska USA's Motion for Summary Judgment, meets all the requirements of the business records hearsay exception. Second Scharer Dec., Ex. 8, 114 - 115:5. As such, any objection posed by regarding this should be stricken, and the Court should consider this Exhibit.

Witnesses were disclosed by Alaska USA and Careful Asset Recovery Services on June 5, 2017. Second Scharer Dec., Ex. 1. Thereafter, in compliance with the case schedule, CAR Service, L.L.C. disclosed witnesses on March 15, 2018. Second Scharer Dec., Ex. 2. On April 12, 2018 Plaintiff requested the FRCP 30(b)(6) deposition of a representative from Alaska USA. Second Scharer Dec., Ex. 3. Following the defense's May 9, 2018 request for the list of topics counsel intended to cover during the deposition, an email containing a list of topics was provided on May 16, 2018. Second Scharer Dec., Ex. 4. On May 29, 2018 the parties agreed to June 19th as the date on which to conduct the depositions of Alaska USA's representative. Second Scharer Dec., Ex. 5. However, it was not until June 13, 2018, upon request by defense counsel that plaintiff served a

DEFENDANT ALASKA FEDERAL CREDIT UNION AND CAR SERVICE L.L.C.'S JOINT REPLY IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT AND JOINT MOTION TO STRIKE- 4

A n d r e w s ▪ S k i n n e r , P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1    Notice of Deposition for the deposition of Alaska USA's representative. Second Scharer Dec., Ex.

2    6. That same day, Plaintiff emailed correspondence to counsel for Alaska USA requesting

3    supplementation to the discovery responses that were served April 13, 2018, and responded to on

4    May 14, 2018. *Id.* Given the timing of Plaintiff's request for supplementation and the date of the

5    FRCP 30(b)(6) deposition, counsel provided the supplemented discovery responses to Plaintiff as

6    soon as practicable. Discovery was supplemented and responses were served on Plaintiff's counsel

7    the morning of June 19, 2018 at 2:26 AM (AKDT) or 3:26 AM (PDT). Second Scharer Dec., Ex. 7.

8    The deposition of Mr. Nazir, Alaska USA's CR 30(b)(6) deponent was not scheduled to occur until

9    10:00 AM (AKDT). Second Scharer Dec., Ex. 6.

10          At the time of Mr. Nazir's deposition, counsel had received a copy of the log, *Dkt No. 23-3*,

11   and used it as an exhibit to the deposition. Second Scharer Dec., Ex. 8, 3:18. Moreover, despite

12   counsel's contention he did not have ample opportunity to review the log, and question Mr. Nazir

13   regarding its content, counsel concluded Mr. Nazir's deposition at 3:42 PM (AKDT), well before

14   the seven-hour time limit imposed by FRCP 30(d)(1). Second Scharer Dec. Ex. 8, 119:16. Further,

15   prior to concluding the deposition, counsels stipulated that the log, *Dkt. No. 23-3,* meets all

16   requirements of the business record hearsay exception. Additionally, before concluding the

17   deposition, plaintiff's counsel reserved the right to call Mr. Nazir again. *Id.* at 116:13-25. To date,

18   counsel has not requested a second deposition of Mr. Nazir, nor has he sought leave of the Court to

19   extend discovery. Second Scharer Dec.

20          Mr. Varhas was disclosed during the course of discovery, specifically in Alaska USA's June

21   19, 2018 discovery responses. Moreover, plaintiff's counsel was afforded the opportunity, and did

22   to question Mr. Nazir regarding Mr. Varhas. Second Scharer Dec., Ex. 8, 63 – 73. Since that time,

Plaintiff has not requested the deposition of Mr. Varhas. Second Scharer Dec.

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 5

A n d r e w s ▪ S k i n n e r ,   P . S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

1     Karleen J. Scharer, counsel of record and the undersigned, is not a witness to this action,

2   nor, based on *Dkt. No.* 23, does she hold herself out as a witness. Ms. Scharer's Declaration does

3   nothing more than attach true and correct copies of documents exchanged during the course of

4   discovery.

5     Defendants' Exhibits 1-4, *Dkt. Nos.* 23-1 – 23-4, are admissible and properly authenticated

6   pursuant to FRCP 56(1)-(2). A party asserting that a fact cannot be or is genuinely disputed must

7   support the assertion by:

8       (A) citing to particular parts of materials in the record, including depositions, documents,
        electronically stored information, affidavits or declarations, stipulations (including those
9       made for purposes of the motion only), admissions, interrogatory answers, or other
        materials; or

10
        (B) showing that the materials cited do not establish the absence or presence of a genuine
11      dispute, or that an adverse party cannot produce admissible evidence to support the fact.

12   FRCP 56(c)(1). While "[a] party may object that the material cited to support or dispute a fact

13   cannot be presented in a form that would be admissible evidence," here, Exhibits 1-4 are presented

14   in a form that is admissible for trial, and can be properly authenticated by witnesses, including

15   Plaintiff Sogn himself, at the time of trial. Exhibits 1-4 do not require the testimony of defense

16   counsel to be authenticated at trial.

17     Moreover, Defendants' Exhibits 1-4 are properly offered. Exhibits 1, 2, and 4 are admissible

18   pursuant to FRE 801(b) as they are statements by a party opponent. Likewise, the statements of

19   Jeremie Kaufman contained in Exhibits 1 and 2 are admissible as statements made by an

20   unavailable declarant, as the parties via process and other reasonable means have been unable to

21   procure Mr. Kaufman. FRE 804(a)(5). The log, Exhibit 3, was properly authenticated as business

22   record during the course and scope of Mr. Nazir's deposition and falls under the business record

hearsay exception. FRE 803(6)(b).

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 6

A n d r e w s · S k i n n e r ,  P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 · Fax: 206-623-9050*

1  For these reasons, the Court should consider all Exhibits attached to the Declaration of

2  Karleen J. Scharer in Supports of Alaska USA's Motion for Summary Judgment.

3  **B.  Alaska USA is not Vicariously Liable for the Actions of CAR Service.**

4  Plaintiff's claim that Alaska USA is vicariously liable for the actions of CAR Service

5  fails as a matter of law. To support his position that Alaska USA is vicariously liable for the

6  actions of CAR Service pursuant to RCW 62A.9A.609(b), Plaintiff requests the Court rely on the

7  Official Comments to the statute. *Dkt. No.* 37, 19:12, 16, 20. Washington's rules of statutory

8  construction dictate that the Court give plain meaning to the words of the statute and look to

9  other tools for interpretation ***only if*** the statute is ambiguous. *Cerrillo v. Esparza,* 158 Wn.2d

10 194, 201 (2006) (*emphasis added*).  Only after the statute is determined ambiguous, may the

11 Court resort to tools of statutory construction, such as legislative history. *Id.* at 202.

12 Plaintiff also argues that Washington's Uniform Commercial Code adopts the

13 "nondelegable duty doctrine," but fails to demonstrate how this tort law theory applies to the

14 purported statutory violations in the present case.

15 The general rule in Washington is that a principal is not liable for injuries caused by an

16 independent contractor whose services are engaged by the principal. *Millican v. N.A.*

17 *Degerstrom, Inc.*, 177 Wn. App. 881, 890 (2013) (citing *Stout v. Warrant,* 176 Wn.2d 263, 269

18 (2012); RESTATEMENT (SECOND) OF TORTS § 409 (1965)). There are two categories of exceptions

19 to this rule, (1) exceptions that subject the principal to liability for its own negligence and (2)

20 exceptions that subject the principal to liability for its contractor's tortious conduct even if the

21 principal has itself exercised reasonable care. *Millican,* 177 Wn. App. at 890. The facts in

22 *Millican* are distinguishable from the present case, as *Millican* involves a work-site related

accident, where an employee of an independent contractor was injured. 177 Wn. App. 881

A n d r e w s ▪ S k i n n e r,  P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1   (2013). Conversely, Plaintiff Sogn is not an employee of either defendant, nor has he alleged any

2   claims of negligence against Defendants.

3         Plaintiff also argues that a duty of care cannot be delegated when a statute imposes a duty

4   or in inherently dangerous situations. The duty of care referred to by Plaintiff is one of a

5   contractor to an independent contractor's employees. See *Tauscher v. Puget Sound Power and*

6   *Light Co.,* 96 Wn.2d 274, 277 (1991) (worksite accident in which an employee of an independent

7   contractor was injured); *Kelley v. Howard S. Wright Const. Co.,* 90 Wn.2d 323, 332-33 (1978)

8   (duty of contractor to independent contractor's employee to maintain a safe worksite).

9         Pursuant to the Agreement between Alaska USA and PAR, Inc., CAR Service was not an

10  employee or agent of Alaska. The agreement between Alaska USA and PAR, Inc. specifically

11  states:

12        Except in strict performance of PAR's responsibilities expressly authorized by [Alaska
          USA] pursuant to this Agreement, PAR is not the express, implied, or apparent agent of
13        [Alaska USA] for any other purpose. Under no circumstance shall PAR or PAR's
          employees or other persons performing work of PAR be considered [Alaska USA]
14        employees, nor shall PAR represent or give the appearance of an agency authority
          beyond that granted by this Agreement.
15

16  *Dkt No.* 30-5, p. 8, ¶ 8(a). Even if CAR Service was an independent contractor based on its

17  relationship with Alaska USA, which Alaska USA denies, Alaska USA still did not exercise the

18  requisite control to incur vicarious liability for CAR Service's actions. *Dkt. No.* 24. In short, there's

19  no contractual or agency relationship between Alaska USA and CAR Service and there's no

20  evidence that Alaska USA exercised any control over the actions of CAR Service regarding the

21  repossession of Plaintiff's vehicle.  Absent any exercise of control by Alaska USA over the actions

22  of CAR Service, Plaintiff's claim for vicarious liability fails.

        Accordingly, the Court should grant summary judgment in favor of Alaska USA as to

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 8

A n d r e w s ▪ S k i n n e r , P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1  Plaintiff's claim for violation the UCC, CPA, and breach of contract.

2     **C.  Plaintiff's Claims Pertaining to an Alleged Breach of Peace Fail as a Matter of Law.**

3          Plaintiff's claims regarding breach of peace fail as a matter of law, and as such are a

4  properly addressed by this Court on summary judgment. "The general rule in the Ninth Circuit is

5  that a party cannot create an issue of fact by an affidavit contradicting his prior deposition

6  testimony." *Kennedy v. Allied Mutual Insurance Co.,* 952 F.2d 262, 266 (9th Cir. 1991). "This

7  rule bars a plaintiff from creating a factual dispute with himself for the sole purpose of arguing

8  that summary judgment is inappropriate until the dispute is settled." *Nelson v. City of Davis,* 571

9  F.3d 924, 927-28 (9th Cir. 2009). Thus, summary judgment cannot be avoided by plaintiff by

10  proffering testimony inconsistent with his own testimony. *Prosser v. Ross,* 70 F.3d 1005 (8th Cir.

11  1995); *Kennedy,* 952 F.2d 262 (9th Cir. 1991).

12          Here, Plaintiff has offered contradictory statements regarding the events that occurred on

13  January 20, 2017. In his January 23, 2017 telephone call with Roger Varhas, an Alaska USA

14  employee, in which Plaintiff identifies himself by name and social security number, Plaintiff

15  admitted at the time the repossession agent knocked on his front door, the Vehicle had already

16  been hooked up to the repossession company's tow truck. *Dkt. No.* 23-4. Thereafter, during his

17  deposition, plaintiff made contradictory statements, testifying he did not observe his vehicle

18  hooked up to the tow truck on January 20, 2017. Second Scharer Dec., Ex. 9, 30:15-17. Similarly

19  to *Kennedy,* where the contradictory statements were offered by the same witness, this Court too

20  should find there is no issue of material fact, and find as a matter of law that defendants did not

21  breach the peace.

22

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 9

A n d r e w s ▪ S k i n n e r , P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1   In an effort to overcome the summary judgment standard, Plaintiff also attempts to insert

2   factual disputes into this action, which are ultimately not material to the issues regarding

3   purported breach of the peace.

4   Plaintiff asserts "the best evidence" that the vehicle was not hooked up before Mr.

5   Kaufman knocked on plaintiff's door is evidenced by the fact that plaintiff's vehicle is an all-

6   wheel drive, asserting it could not be moved without the keys. Nevertheless, the vehicle was

7   hooked to the tow truck, dollied, and driven away from plaintiff's property without the CAR

8   Service ever obtaining a copy of plaintiff's keys, as Plaintiff declined to provide them. Second

9   Scharer Dec., Ex. 9, 19:12-13. Clearly, as the vehicle was in fact moved without the keys, this is

10  not evidence at regarding whether the vehicle was hooked up before Mr. Kaufman knocked on

11  Plaintiff's door. Similarly, Plaintiff attempts to use a letter drafted by Terri Cody, addressed to

12  Mr. Kaufman to demonstrate that a breach of the peace occurred. Plaintiff's argument that this

13  demonstrates a breach of the peace occurred fails. Ms. Cody testified that she did not conclude

14  that Mr. Kaufman breached the peace, and explained that the document was titled "Breach of

15  Peace Violation" in error. Second Scharer Dec., Ex. 10, 85:6-8; 85:11-16. Rather, the word

16  "possible" should have been included in the title. *Id.* at 85:13-14.

17  Plaintiff's claims that the peace was breached due to an attempted criminal trespass, *Dkt.*

18  *No.* 37, 17:17-18, threats; *Id.* at 18, statements regarding phoning the police, *Id.* at 18-19; or the

19  sounding of the car alarm, *Id.* at 19, also fail. With respect to Mr. Kaufman's purported actions

20  on the video tape, reasonable minds could agree that such actions do not constitute an attempted

21  criminal trespass. Moreover, pursuant to FRE 404(b)(1), it is improper to use evidence of prior

22  convictions to demonstrate on a particular occasion that a person acted in accordance with a

character.

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 10

A n d r e w s ▪ S k i n n e r ,  P . S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

1    The mere entry upon property of another, or a trespass, to take possession of property is

2    not sufficient to establish a breach of the peace occurred. *Brooks v. Leon's Quality Adjusters,*

3    *Inc.,* No. 1:15-cv-000965 - JLT, 2016 U.S. Dist. LEXIS 116803 (E.D. Cal. Aug. 29, 2016).

4    Further, once the repossession agent is in control of the vehicle, objections to the repossession do

5    not constitute a breach of the peace. *Id.* Similarly, Oregon District Courts find the timing of the

6    confrontation and when the repossession agent took possession to be of import. *Copeland-Turner*

7    *v. Wells Fargo Bank,* N.A., No. CV-11-37-HZ, 2011 U.S. Dist. LEXIS 123523 (D. Or. Oct. 25,

8    2011). Here, the alleged threats and loud disturbance, that did not even wake Plaintiff's child,

9    occurred after the vehicle was connected to the tow truck.

10   Accordingly, the Court should grant summary judgment in favor of Alaska USA and

11   CAR Service with respect to plaintiff's claims for violation of FDCP 15 U.S.C. § 1692(f)(6)(A)

12   and RCW 62A.9A-609.

13   **D. Plaintiff's Claim for Emotional Damage Fails.**

14   Plaintiff's claim for emotional damages fails as a matter of law as Plaintiff has failed to

15   assert claims under which emotional distress is classified as actual damages. Plaintiff asserts he

16   can recover emotional distress damages under the FDCPA, UCC, and CPA.

17   Plaintiff alleges pursuant to *McCollough,* damages related to emotional distress are

18   recoverable as actual damages under the FDCPA. However, the present case is distinguishable

19   from *McCollough* in that Plaintiff Sogn has not disclosed the name of his treatment providers,

20   including his psychologist as an expert or lay witness in this case. *McCollough v. Johnson,*

21   *Rodenburg & Lauinger, LLC,* 637 F.3d 939, 957 (9th Cir. 2011). In *McCollough,* Plaintiff

22   presented evidence of his emotional distress through his own testimony and that of a clinical

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 11

A n d r e w s ▪ S k i n n e r ,  P . S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

1  psychologist who had examined him. *Id.* Here, Plaintiff disclosed no such expert testimony to

2  support his claims for actual damages.

3          Under Washington law, emotional damages (if not based on a claim for negligent infliction

4  of emotional distress) can only be recovered for *intentional* torts. *Cagle v. Bums & Roe, Inc.,* 106

5  Wn.2d 911, 916, (1986). Here, Plaintiff has not alleged such causes of action against Defendants.

6  An alleged violation of RCW 62A.9A-609 does not fall into the category of intentional torts.

7  Likewise, the CPA does not allow for the recovery of emotional distress, only for injury to a

8  plaintiff's business or property.  *See*, *e.g., Washington State Physicians Ins. Exch. & Ass'n v. Fisons*

9  *Corp.,* 122 Wn.2d 299, 318 (1993); *Stevens v. Hyde Athletic Industries, Inc.,* 54 Wn. App. 366, 369-

10  370 (1989); *White River Estates v. Hiltbruner,* 134 Wn.2d 761, 765 n.1, (1998). For the above

11  reasons, Plaintiff's request for emotional distress damages should be dismissed and/or stricken.

12      **E. Plaintiff's Claim Under Washington's Consumer Protection Act Fails.**

13          Plaintiff's Opposition misapplies Washington State case law pertaining to Washington

14  Consumer Protection Act claims, asserting that a "wrongful repossession constitutes a per-se

15  violation of the CPA" *Dkt. No.* 37, 23:22-23. To support his claim that a wrongful repossession

16  constitutes a per-se violation, Plaintiff relies upon *Sherwood v. Bellevue Dodge, Inc.,* a 1983

17  Washington Appellate Court decision, pre-dating *Hangman Ridge Training Stables, Inc. v.*

18  *Safeco Title Ins. Co.* See *Sherwood,* 35 Wn. App. 741 (1983); *Hangman Ridge Training Stable,*

19  105 Wn.2d 778 (1986). The analysis in *Sherwood* conflicts with subsequent Washington State

20  case law addressing the issue of a "per se" violation. Specifically, the Court in *Sherwood* relies

21  on the opinion in *State v. Readers Digest Ass'n,* which suggests that conduct which is both

22  "illegal" and against "public policy" is a per se unfair trade practice. 81 Wn.2d 259, 270 (1972).

However, the Court in *Hangman Ridge* modified this decision. 105 Wn.2d at 786. In modifying

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 12

A n d r e w s ▪ S k i n n e r , P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1  its prior holdings, the Court in *Hangman Ridge* also held, since its 1972 decision in *State v.*
2  *Readers Digest Ass'n,* the Legislature, not this court, is the appropriate body to establish the
3  relationship between a statute and the CPA. *Id.* at 787. Thus, "where the Legislature specifically
4  defines the exact relationship between a statute and the CPA, this court will acknowledge that
5  relationship." *Id.*

6        Washington's legislature has yet to establish a specific relationship between
7  Washington's Consumer Protection Act and RCW 62A.9A-609 or more generally, Washington's
8  Uniform Commercial Code. As such, the standard set forth under *Hangman Ridge*; requiring the
9  Plaintiff to prove (1) unfair or deceptive act or practice, (2) in trade or commerce, (3) that
10  impacts the public interest, (4) causing injury to the insured in his business or property, and (5)
11  which injury is causally linked to the unfair or deceptive act; is the proper standard to apply in
12  this matter. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780,
13  784-85, 719 P.2d 531 (1986). Thus, while Plaintiff's claim for a CPA violation is broadly
14  alleged, it is absent evidence of an unfair or deceptive act, the CPA claim against Defendants
15  Alaska USA and CAR Service must fail as a matter of law.

16            **I.**       **CONCLUSION**

17        Defendants Alaska USA and CAR Service respectfully request the Court grant their Motion
18  to Strike Plaintiff's references to Jeremie Kaufman's prior criminal history and their Motions for
19  Summary Judgment as to all claims asserted against Alaska USA and CAR Service by Plaintiff, as
20  set forth above.

21        DATED this 25th day of July, 2018.

22

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 13

A n d r e w s ▪ S k i n n e r , P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

ANDREWS ▪ SKINNER, P.S.


By *s/ Stephen G. Skinner*
    STEPHEN G. SKINNER, WSBA #17317
    645 Elliott Ave. W., Suite 350, Seattle, WA  98119
    206-223-9248 | Fax: 206-623-9050
    *Email: stephen.skinner@andrews-skinner.com*
    Attorney for Defendants Alaska USA and CAR
    Service L.L.C.


ANDREWS ▪ SKINNER, P.S.


By *s/ Karleen Scharer*
    KARLEEN SCHARER, WSBA #48101
    645 Elliott Ave. W., Suite 350, Seattle, WA  98119
    206-223-9248 | Fax: 206-623-9050
    *Email: Karleen.scharer@andrews-skinner.com*
    Attorney for Defendants Alaska USA and CAR
    Service L.L.C.

1

**<u>CERTIFICATE OF SERVICE</u>**

2

    I hereby certify that on July 25, 2018 I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

4

5

                      ANDREWS ▪ SKINNER, P.S.

6

            By *s/ Karleen J. Scharer*

7

               STEPHEN G. SKINNER, WSBA #17317
               KARLEEN SCHARER, WSBA #48101

8

               645 Elliott Ave. W., Suite 350, Seattle, WA  98119
               206-223-9248 | Fax: 206-623-9050

9

               *Email: stephen.skinner@andrews-skinner.com*
               *Karleen.scharer@andrews-skinner.com*

10

               Attorney for Defendants Alaska USA and CAR Service L.L.C.

11

12

13

14

15

16

17

18

19

20

21

22

DEFENDANT ALASKA FEDERAL CREDIT UNION
AND CAR SERVICE L.L.C.'S JOINT REPLY IN
SUPPORT OF THEIR MOTIONS FOR SUMMARY
JUDGMENT AND JOINT MOTION TO STRIKE- 15

A n d r e w s ▪ S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*